J.G., by his mother and next friend, Mrs. G., M.W., by her mother and next friend, Mrs. W., A.M., by his mother and next friend, Mrs. M., and K.M., by her mother and next friend, Mrs. M., on behalf of themselves and all persons similarly situated, Plaintiffs–Appellants,

v.

THE BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, John Delvecchio, Archie Curry, Frank Willis, Irene Frusci, Josephine Geneovese, Karen Grella, Gary Smith, individually and in their official capacities as members of the Board of Education of the Rochester City School District, Laval M. Wilson, in his official capacity as Superintendent of the Rochester City Schools, Bernard S. Greenberger, individually and in his official capacity as Director of the Department of Special Education of the Rochester City Schools, Robert Lays, individually and in his official capacity as Assistant Director of the Department of Special Education of the Rochester City Schools, New York State Education Department and Gordon M. Ambach, in his official capacity as Commissioner of the New York State Education Department, Defendants–Appellees.

No. 02–7398.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Jonathan Feldman, Public Interest Law Office of Rochester, Rochester, NY, for Appellants.

Michael J. Looby, Chief Legal Counsel, Rochester City School District, Rochester, NY, for Appellees.

PRESENT: Hon. F.I. PARKER, Hon. STRAUB, and Hon. B.D. PARKER, Jr., Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit,

held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants appeal from a January 14, 2002 decision and order dismissing their class-action lawsuit with prejudice as against all defendants for lack of jurisdiction. Plaintiffs-appellants also appeal the district court's March 11, 2002 denial of their motion to amend judgment to allow that court to continue to enforce certain reporting provisions of the consent decree which had governed the case.

We review de novo a district court's interpretation of a consent decree. *See Equal Employment Opportunity Comm'n v. New York Times Co.*, 196 F.3d 72, 78 (2d Cir.1999). Upon review, we find that the district court correctly determined that the consent decree unambiguously expired by its own terms on May 1, 2000. Accordingly, the district court lacked jurisdiction to enforce it. *See Equal Employment Opportunity Comm'n v. Local 40, Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers*, 76 F.3d 76, 80–81 (2d Cir. 1996) (recognizing that when a consent decree expires by its own terms and no party moves for an extension, the decree may not continue to be enforced).

We review a district court's denial of a motion to amend judgment pursuant to Fed.R.Civ.P. Rule 59 for abuse of discretion. *See Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir.2000). We find that when the consent decree expired on May 1, 2000, the district court lost jurisdiction over the parties. Given that the consent decree itself explicitly provided that termination would mean the end of court supervision and

dismissal of the action, to continue to engage in supervision after termination would be contrary to the bargained-for agreement of the parties. This court frowns upon district courts' deviations from the plain terms of a consent decree for this reason. *See Local 40*, 76 F.3d at 81; *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir.1985). Accordingly, denial of the motion to amend was proper.

For the foregoing reasons, the judgment of the district court is AFFIRMED.